| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**WASSERMAN, JURISTA & STOLZ, P.C.**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>*Counsel to Debtor-in-Possession*<br>DONALD W. CLARKE, ESQ.<br>DANIEL M. STOLZ, ESQ. |

| | |
|---|---|
| In Re:<br><br>**ANUPAM DAVE**<br><br>Debtor. | Chapter 11<br><br>Case No.: 17-34751-VFP<br>Honorable Vincent F. Papalia |

___

**REPLY CERTIFICATION OF ANUPAM DAVE IN SUPPORT OF ENTRY OF AN ORDER APPROVING SETTLEMENT WITH JAYANT SHAH AND RUPA SHAH PURSUANT TO FED. R. BANKR. P. 9019**
___

**TO:   HONORABLE VINCENT F. PAPALIA**
       **UNITED STATES BANKRUPTCY JUDGE**

I, ANUPAM DAVE, of full age, hereby certify to the court and represent the following:

1. I refer to my earlier certification in support of the Motion[1], and incorporate same as if fully set forth herein.

2. On March 6, 2018, I caused my attorneys to file a motion to authorize my involvement in a settlement of the NY State Litigation (the "Motion to Authorize Settlement"), [Adversary Case No.: 17-01767; Doc 10], with a notice of settlement (the "9019 Notice") in the main case. [Doc 24]

3. On March 26, 2018, the day before the objection deadline, Unity Bank ("Unity") filed an objection to the 9019 Notice (the "Unity Objection").

4. A hearing on the Motion to Authorize Settlement is scheduled for April 3, 2018.

___

[1] Capitalized terms not defined herein shall have the meanings attributed them in the underlying moving papers.

5. Unity has a contingent and unliquidated claim against me for a personal guarantee on a loan with 1st Hospitality.[2]

6. Unity has received and continues to receive monthly payments on its loan. Immediately following the petition date, delays in the monthly payments resulted from uncertainty surrounding my obligations in this case, difficulties resolving the NYS Litigation, and recent renovations to the hotel owned by 1st Hospitality which are near completion.

7. Shortly after I filed my petition, Unity issued a default letter. Unity claims as much as $150,000.00 in default and late fees, as well as "other fees/charges." The Unity loan is ten (10) years old and there has been no lawsuit filed. Other than the unresolved issues concerning the default, late fees, and "other fees/charges" listed in the demand (as well the bank's failure to remit certain insurance proceeds related to a claim filed by 1st Hospitality) the Unity loan is current.[3] To be clear, I have no present, personal obligation to make payments to Unity.

8. During the short time this case has been pending, I have successfully reached a favorable and global resolution with the aggressive Shah Creditors on the NY State Litigation. An unfavorable judgment in that matter would have resulted in a claim against my bankruptcy estate (the "Estate") and a judgment against 1st Hospitality (my interest in which is an asset of my Estate) for approximately $700,000.00.

9. I was able to resolve the NY State Litigation for a fraction of the demand amount, or $275,000.00, to be paid over seven (7) years.

10. None of the payments will come from my personal income.

11. The payments, which are less than $2,700.00 per month, will come from non-debtor entities and my wife's personal income.

---

[2] I anticipate amending my schedules to reflect the "contingent" and "unliquidated" nature of the Unity claim.

2

12. Unity claims the NYS Litigation is akin to a simple debt collection action. However, Unity is unaware of the precise nature and timing of the transactions underlying the NYS Litigation, and was never involved in my extensive discussions with my prior counsel or bankruptcy counsel concerning my defenses.

13. Unity takes issue with the fact that I removed the NYS Litigation to the bankruptcy court when, according to Unity, I could have hidden safely behind the automatic stay. My counsel has informed me that I, and my estate, still would have to incur the litigation costs to estimate the claim whether or not the Shahs could have collected anything from the Estate. Furthermore, a judgement could have attached to the non-debtor entities, in which my Estate has an interest.

14. Unity appears to think that their contingent and unliquidated claim is effectively subordinated to the Shahs. However, the Shahs are not receiving payments from funds that might otherwise be available to Unity through this Estate, and the reduction of the Shahs' claim only increases the weight of Unity's vote (assuming their claim is estimated at its alleged value) with respect to any plan.

15. The Stipulation and Consent Order will permit me to re-focus my attention to running the two (2) hotels and Vibgyor. This will increase their respective profitably, and the benefit to my Estate. As a result, I will be in a position to better fund any potential plan, or resolve my remaining issues in some other permissible fashion.

16. I expect to be able to propose a plan, or come up with an alternative arrangement, shortly, but most of my preferred courses of action are contingent on this Court granting the Stipulation and Consent Order.

---

[3] Depending upon whether I can resolve these charges, I might have to amend my schedules to reflect that the Unity claim is "disputed." I am hoping to avoid litigation with Unity requiring them to prove the validity of their claim.

17. Unity's concerns are more appropriate in the context of a disclosure or confirmation hearing. Should their presently unfounded fears materialize this Court will be in a position to address them. Until those fears materialize in a plan, Unity's objection is premature and amounts to an unauthorized attempt to discount my business judgment and constrain my preferred – and appropriate – administration of this case.

18. The payments under the Stipulation and Consent Order will not come from my personal funds. Notwithstanding, my Estate will benefit by avoiding no less than $450,000.00 in unsecured debt, and which could otherwise attach as liens to the non-debtor entities in which my Estate has an interest.

19. Based on the foregoing, I respectfully request the settlement be approved.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: March 30, 2018        /s/    ANUPAM DAVE    .
                                    ANUPAM DAVE