| |
|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-2(c) <br> **WASSERMAN, JURISTA & STOLZ, P.C.** <br> 110 Allen Road, Suite 304 <br> Basking Ridge, NJ  07920 <br> Phone: (973) 467-2700 <br> Fax: (973) 467-8126 <br> *Counsel to Debtor-in-Possession* <br> DONALD W. CLARKE, ESQ. <br> DANIEL M. STOLZ, ESQ. |

| | |
|---|---|
| In Re: | Chapter 11 |
| **ANUPAM DAVE** | Case No.: 17-34751-VFP <br> Honorable Vincent F. Papalia |
| Debtor. | |

**VERIFIED APPLICATION IN SUPPORT OF THE DEBTOR'S LIMITED OBJECTION TO THE UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS**

TO:   THE HONORABLE VINCENT F. PAPALIA
      UNITED STATES BANKRUTCY JUDGE

**ANUPAM DAVE,** the Chapter 11 Debtor and Debtor-in-Possession (hereinafter the "Debtor" or "Anupam"), by and through his counsel, Wasserman, Jurista & Stolz, P.C., respectfully submits this verified application in support of his limited objection to the United States Trustee's motion to convert or dismiss (the "Limited Objection"); in support of the Limited Objection, the Debtor respectfully represents as follows:

## *JURISDICTION*

1.   This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334(b).  Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409(a).  This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

## *BACKGROUND*

2.   On December 8, 2017, Anupam filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, case number 17-34751-VFP (the "Petition Date").

3. Anupam maintains controlling interests in and operates: 1st Hospitality; Alliance Hospitality LLC ("Alliance"); and Vibgyor Gems Corp. ("Vibgyor").

4. On March 10, 2017, Alliance filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, case number 17-40317-TLS, in the United States Bankruptcy Court for the District of Nebraska (the "Alliance Bankruptcy").

5. On May 18, 2017, Jayant Shah and Rupa Shah (the "Shah Creditors") filed a *Summary Judgment in Lieu of a Complaint* against Anupam, his wife (Sonal Dave), 1st Hospitality, Alliance, and Vibgyor, in the Supreme Court of the State of New York, in the County of New York, Index No.: 652703/2017 (the "NY State Litigation").

6. The NY State Litigation was premised on an allegation by the Shah Creditors that 1st Hospitality, Alliance, and Anupam, respectively, defaulted on various promissory notes, executed in and around June 9, 2009.

7. On August 24, 2017, Alliance obtained a *Stipulated Order Confirming Small Business Chapter 11 Plan* (the "Alliance Confirmation Order"). [United States Bankruptcy Court for the District of Nebraska; Case: 17-40317-TLS; Doc 43]

8. On December 11, 2017, Anupam filed a *Notice of Removal* removing the NY State Litigation to the United States Bankruptcy Court for the District of New Jersey, under the Adversary Case No.: 17-01767 (the "Adversary Proceeding").

9. On March 6, 2018, Anupam filed a motion to authorize a settlement of the NY State Litigation (the "Motion to Authorize Settlement"), [Adversary Case No.: 17-01767; Doc 10], with a notice of settlement (the "9019 Notice") in the main case. [Doc 24]

10. An order authorizing same was entered May 7, 2018. [Adversary Case No.: 17-

2

01767; Doc 13] The responsible parties are current on the their obligations to the Shah Creditors.

11. On June 26, 2018, the Alliance bankruptcy case was closed after receiving an order granting its final decree. [United States Bankruptcy Court for the District of Nebraska; Case: 17-40317-TLS; Doc 64]

12. On July 3, 2018, the United States Trustee filed a motion to convert or, alternatively, dismiss this case (the "U.S. Trustee Motion to Convert or Dismiss"). [Doc 50]

13. The U.S. Trustee bases its support for its motion on the Debtor's failure to keep current on the monthly operating reports.

14. As of this filing, Anupam is current on both his fees and monthly operating reports. [Docs 51, 52, 53 and 56]

15. No Trustee, Examiner, nor Official Committee of Unsecured Creditors has been appointed during the pendency of the Chapter 11 case.

### *REMAINING DEBTS AND PROPOSED RESOLUTION OUTSIDE BANKRUPTCY*

16. Prior to the Petition Date, Anupam was principally liable for only a few secured and unsecured debts. The remaining debts pertained to personal guarantees executed on behalf of various non-debtor entities.

17. Anupam's schedules reflect that his only secured debts concern his principal residence, which he has resigned to let go should the respective banks decide to foreclose on their mortgages. Alternatively, should the banks be inclined, Anupam could agree to loan modifications. Either way, there is no need to resolve those secured debts in this Court. Same would only burden the Court with unnecessary oversight, as well as burden the Debtor with unnecessary administrative costs and U.S. Trustee fees.

18. The unsecured debt for which Anupam is personally and principally liable includes: (i) priority non-dischargeable tax debt, which – prior to the Petition Date - Anupam was paying under negotiated payments plans and intends to continue paying pursuant to such plans upon dismissal of this case; (ii) non-priority, minor credit card debt – which has since been paid down by his wife (who is jointly liable); and (iii) the since-resolved personal loans from the Shah Creditors.

19. The balance of scheduled non-priority unsecured debt is comprised of: (i) a personal guarantee on behalf of Alliance to Business Lenders, which Alliance is paying in full pursuant to the Alliance Confirmation Order; (ii) a personal guarantee on behalf of 1st Hospitality to Forward Financing, which has since been and continues to be paid down by 1st Hospitality; and (iii) a personal guarantee on behalf of 1st Hospitality to Unity Bank, which has since been paid down by 1st Hospitality. Moreover, 1st Hospitality and Unity Bank are in negotiations to resolve their differences and do not require the oversight of this Court to effectuate same.

20. Of the six (6) filed proofs of claim: (i) the first relates to the tax debt addressed above; (ii) the second appears to be a business loan made to 1st Hospitality by Wells Fargo Bank and includes no evidence that Anupam is personally liable; (iii) the third is a claim by Business Lenders for the loan to Alliance that has been or is being paid by through the Alliance Confirmation Order discussed above; (iv) fourth is a claim by Unity Bank on the personal guarantee by Anupam for the loan to 1st Hospitality discussed above; (v) fifth is by KeyBank, successor-in-interest on the mortgage on Anupam's principal residence, the proposed resolution of which is discussed above; and (vi) the sixth and last claim filed is by a former accountant who appears to be owed $224.00, jointly and severally, by Anupam and his wife.

21. On July 26, 2018, the undersigned, on behalf of the Debtor's bankruptcy counsel, filed an application for compensation. [Doc 57] Should this Court grant same, all but less than $9,000.00 in fees and expenses will be paid by the retainer already in counsel's trust account.

22. There are no other outstanding administrative expenses due.

23. By this Limited Objection, the Debtor requests that this Court enter an Order dismissing the Chapter 11 case.

## *BASIS FOR RELIEF*

24. As a result of the resolution of the NY State Litigation, the protection of the Bankruptcy Court no longer serves the vital interests of the Debtor and its creditors, and the expenses related to continuation of the case heavily outweigh any benefits from its continuation. The Debtor respectfully submits that, based upon the proposed resolutions detailed above, no creditors are prejudiced by dismissal of this case.

25. The conversion or dismissal of a Chapter 11 bankruptcy proceeding is controlled by 11 U.S.C. §1112. That section was significantly amended by the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Section 1112(b) states:

> Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104 (a) (3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall[FN1] convert a case under this chapter to a case under Chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

---

[FN1] Prior to the BAPCPA amendments, §1112(b) provided that a "court may convert a case under this chapter to a case under Chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate; for cause[.]" 11 U.S.C. §1102(b) (emphasis added). The Debtor was unable to find any case law dealing with this one word change. It would appear that the new wording of §1112(b) imposes a burden on the Court to identify unusual circumstances before it denies a motion to convert/dismiss where cause exists. Under pre-BAPCPA §1112(b) the decision to convert or dismiss was entirely in the discretion of the court, regardless of cause.

11 U.S.C. §1112(b) (emphasis added).

A non-exclusive list of sixteen grounds that may constitute "cause" appears in the statute. Because the specified grounds are not exclusive, a court may consider other factors as they arise and may "use its equitable powers to reach an appropriate result in individual cases." S. Rep. No. 989, 95th Cong., 2d Sess. 117, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5903; In re Gonic Realty Trust, 909 F.2d 624, 626 (lst Cir. 1990); Hall v. Vance, 887 F.2d 1041, 1044 (10th Cir. 1989).

26. Construing pre-BAPCPA §1112(b), some courts held that a debtor's request for a voluntary dismissal of a voluntary Chapter 11 case should be granted unless some "plain legal prejudice" to creditors will otherwise result. See e.g. Leach v. IRS (In re Leach), 130 B.R. 855, 857 (9th Cir. BAP 1991) (discussing voluntary dismissal in the Chapter 7 context); In re Kimble, 96 B.R. 305 (Bankr. D. Mont. 1988); In re Geller, 74 B.R. 685 (Bankr. E.D.Pa. 1987) (holding that Debtor's request to voluntarily dismiss Chapter 11 case should be governed by same considerations as govern request to voluntarily dismiss case under Chapter 7).

27. Courts not adopting the "plain legal prejudice standard" have looked to whether a voluntary dismissal is in the "best interest of creditors and the estate." See e.g. In re Camden Ordinance Mfg. Co. of Arkansas, Inc., 245 B.R. 794, 804 (E.D. Pa. 2000).

28. The holding in In re OptInRealBig.com, LLC, 345 B.R. 277 (Bankr. D.Colo. 2006) is particularly instructive in this case. There the Debtor was in litigation with Microsoft Corporation ("Microsoft") and with American Family Mutual Insurance Company concerning coverage issues related to the Microsoft litigation. The Debtor failed to centralize the Microsoft litigation and other less significant litigation pending in various jurisdictions in a single forum, the Bankruptcy Court. After the Microsoft litigation was settled through alternative dispute resolution, the Debtor filed a motion to dismiss. The Court applied the "best interest of the

creditors test" while stating:

> The Debtors made the most of the breathing spell that they received as a result of their bankruptcy filings. Through the mediation and ultimate settlement of those matters, the Debtor's have accomplished a substantial reorganization. The Court finds that the change in the Debtors' circumstances obtained through the settlement of the Microsoft and American Family claims is sufficient cause for dismissal or conversion.

345 B.R. at 283.

### *THERE IS "CAUSE" FOR DISMISSAL OF THE INSTANT CASE*

29. There is nothing to be gained by further administration of this bankruptcy case, either through a Chapter 11 Plan or through a conversion of the case to Chapter 7, since: (i) Anupam can continue with his distributions to priority creditors outside of a bankruptcy context; (ii) various non-debtor affiliates of the Debtor have already paid or are likely to pay the debts Anupam guaranteed; and (iii) the Debtor is prepared to walk away from his principal residence if he cannot work out modifications of his current mortgages.

30. Based upon the facts cited herein, it is respectfully submitted that it is no longer necessary for the Debtor to maintain the protection of the Bankruptcy Code, and sufficient cause exists to dismiss the case pursuant to 11 U.S.C. § 1112(b).

### *UNITED STATES TRUSTEE REPORTING*

31. The Debtor is current on their monthly operating reporting requirements. Additionally, within 15 days of an entry of an Order of dismissal, the Debtor will file an affidavit or similar declaration setting forth the amount of cash disbursements (if any) during their time operating since their last operating reports through the date of dismissal. The Debtor will also pay the corresponding United States Trustee fees that are set as a percentage of the amount of

such disbursements, or the minimum required amount as may be applicable.

**WHEREFORE,** the Debtor requests that this Court enter an Order dismissing the instant case pursuant to 11 U.S.C. §1112(b); and grant such other and further relief as this Court may deem just and proper.

                                          **WASSERMAN, JURISTA & STOLZ, PC**
                                          *Counsel to Debtor-in-Possession*

                                          */s/Donald W. Clarke*
Date:  July 30, 2018                By: _____
                                          DONALD W. CLARKE

## VERIFICATION

I, **ANUPAM DAVE**, hereby certify and verify under penalty of perjury that:

I am the Debtor in Possession in the above captioned matter (the "Debtor"), and I am fully familiar with the facts set forth herein. I have read the factual allegations contained in the within Verified Application and affirm such allegations are true and accurate to the best of my knowledge, information and belief.

I am aware that if any of the allegations contained in the foregoing Verified Application are willfully false, that I am subject to punishment.

                                          */s/Anupam Dave*
Date:  July 30, 2018                    _____.
                                          ANUPAM DAVE