MASELLI WARREN, P.C.
By: David Fornal, Esquire
DF-5578
600 Alexander Road, Suite 3-4A
Princeton, New Jersey 08450
(609) 452-8411
Attorneys for Creditor, Unity Bank

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In RE: ANUPAM DAVE,<br><br>Debtor, | Case No. 17-34751-VPF<br><br>Honorable Vincent F. Papalia<br><br>Chapter 11 |

**UNITY BANK'S SUPPORT OF THE UNITED STATES TRUSTEE'S
MOTION TO CONVERT CASE TO CHAPTER 7
AND OPPOSITION TO THE DEBTOR'S REQUEST FOR DISMISSAL**

Unity Bank, ("Unity"), by and through its counsel, Maselli Warren, P.C., respectfully submits this application in opposition to the United States Trustee's motion to dismiss the case and in support of the United States Trustee's motion to convert the case to Chapter 7 on the following grounds:

**Background of Unity's Claim & Procedural Posture**

1.     On September 27, 2006, 1st Hospitality, LLC executed and delivered to Unity a Note in the amount of $1,488,000 to evidence a loan (the "Loan"), with interest accruing at an adjustable rate, with an initial interest rate fixed at 10% per annum for the first five years, with

1

monthly payments of principal and interest and the entire remaining balance of principal, interest, costs and fees due and owing twenty-four years form the date of the Note.

2. Anupam Dave (the "Debtor"), Sonal Dave and Vibgyor Gems Corp. each executed and delivered to Unity an Unconditional Guarantee and thereby personally guaranteed 1st Hospitality, LLC's payment and performance of all obligations under the Note.

3. Unity and 1st Hospitality, LLC entered into three separate forbearance agreements during the servicing of the Loan.

4. 1st Hospitality, LLC defaulted on its obligations by failing to make payments that became due and owing, and it has remained delinquent in its payments due thereafter.

5. Unity filed an unsecured proof of claim in this case in the amount of $1,262,472.67.

6. On April 23, 2018, Unity filed a complaint against Sonal Dave and Vibgyor Gems Corp. in the Superior Court of New Jersey, Middlesex County, under docket number MID-L-2343-18. On June 29, 2018, Defendants, Sonal Dave and Vibgyor Gems, Corp. filed an answer to Unity's complaint.

7. Unity is presently enforcing its rights under the defaulted loan obligations and it has not entered into any settlement with the Borrower, Debtor or any other guarantors.

8. On July 3, 2018, the Acting United States Trustee filed a motion to convert the case to Chapter 7, or alternatively dismiss the case as a result of the Debtor's failure to timely file monthly operating reports. Notably, in the memo of law in support of the Trustee's motion, it provides: "The Acting United States Trustee submits that conversion would be in the best interest of creditors. Conversion would result in the appointment of an independent trustee who would

liquidate any assets and investigate whether there are any avoidance causes of action which might lead to a distribution to creditors."

9. In response to the motion to convert to Chapter 7, the Debtor filed the delinquent monthly operating reports and also filed a limited objection requesting that the Court dismiss the case instead of converting to Chapter 7.

10. The June 2018 monthly operating report contains a balance sheet that identifies the total assets of the Debtor of $3,153,704 and total liabilities of $2,749,776. The balance sheet information is contrary to the Debtor's Schedule A, Schedule B and the Summary of Assets and Liabilities (the "Schedules").

11. The Debtor's Schedules indicate total assets of $913,285.50. The discrepancy is not explained.

12. The Debtor's Schedules I and J reflect that the Debtor does not have a monthly net income and instead generates a monthly net loss of ($2,760.55).

13. In support of the requested dismissal, the Debtor argues that it has used this bankruptcy case to settle and ensure payments to one purposefully selected unsecured creditor (Jayant Shah and Rupa Shah) while not making any specific payment arrangements for the other secured, priority and unsecured creditors of the Debtor's bankruptcy estate. The Debtor merely requests that the Court leave the remaining creditors with their state court remedies since it appears that the Debtor does not have disposable income to fund a Chapter 11 plan.

**Legal Argument**

14. Conversion of this case to Chapter 7 is most appropriate in this matter as it is in the best interest of the creditors of the Estate, supported by Unity and supported by the Office of the

United States Trustee.

15. The Bankruptcy Code requires that the Court dismiss a Chapter 11 bankruptcy case or convert the case to Chapter 7 based solely on a determination of whether conversion or dismissal is in the best interests of the creditors and the estate. In relevant part, 11 U.S.C. § 1112(b)(1) provides:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

16. In <u>In re Camden Ordinance Mfg. Co. of Arkansas, Inc.</u>, 245 B.R. 794, 804 (E.D. Pa. 2000), the court held that the appropriate standard for considering a motion to convert/dismiss is the "best interest of creditors and the estate" and not based on the preference of the debtor or lack of prejudice to creditors. The court specifically noted that "[o]nce a debtor submits to the jurisdiction of the bankruptcy court and avails itself of bankruptcy protections, the debtor must comply with the Bankruptcy Code. One of those rules is §1112(b), allowing a bankruptcy court to convert a voluntary Chapter 11 case, even if a debtor wants the case dismissed." <u>Id.</u> at 805.

17. Under the best interest of creditors test for dismissal or conversion of bankruptcy case, it is not necessary that the interest of every creditor actually favor conversion for conversion to be appropriate, and there is no specific numerosity requirement inherent in the best interest test; <u>In re Staff Inv. Co.</u>, Bkrtcy.E.D.Cal.1992, 146 B.R. 256. In <u>Staff Inv. Co.</u>, the Court noted that "as the trustee's powers to recover property are generally greater than would be available outside of bankruptcy, [the best interest of the estate] tends to favor conversion." Further, "the best interest of the debtor is *not* specifically a factor under section 1112(b)." <u>Id.</u> at 261.

4

18. The Debtor relies on the case of In re OptInRealBig.com, LLC, 345 B.R. 277 (Bankr. D. Colo 2006) to support his argument for dismissal of the case in lieu of conversion. However, in OptInRealBig.com, LLC the Court noted that there were two pivotal factors that resulted in the Court supporting dismissal instead of conversion: (1) OptIn was profitable during the Chapter 11 case and demonstrated the ability to pay its obligations outside of bankruptcy; and (2) the Court sought to abstain from interpreting anti-spam state court statutes that were based on unsettled state law issues.

19. The present case is completely distinct from OptInRealBig.com, LLC because the Debtor is not profitable and the claims of the creditors are not based on unique or unsettled rights within state law. In this case, the Debtor has not substantially settled or resolved any secured, priority or unsecured claims. Unity is the largest unsecured creditor and the Debtor has not demonstrated a plan on how to pay Unity based on the lack of disposable monthly income. The Debtor is a member of 1st Hospitality, LLC and a shareholder of Vibgyor Gems Corp, which membership interests and shares may be liquidated by a trustee for the benefit of creditors. Further, the Debtor's June 2018 operating report seems to demonstrate that the assets of the Debtor may exceed his liabilities and thereby have other undisclosed assets that could be liquidated for the benefit of creditors. Moreover, since the June 2018 operating report conflicts with the information contained in the Debtor's Schedules, an independent analysis by a trustee would allow for the potential liquidation of assets and investigation of claims for the recovery and benefit of all creditors, not just the unsecured creditors (Jayant Shah and Rupa Shah) selected by the Debtor.

20. For the foregoing reasons, Unity respectfully requests that this Court grant the United States Trustee's motion to convert the case to Chapter 7.

                                        MASELLI WARREN, P.C.
                                        *Attorneys for Unity Bank*

                         By:    */s/ David Fornal*
Dated: July 31, 2018                     DAVID FORNAL