| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**WASSERMAN, JURISTA & STOLZ, P.C.**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>*Counsel to Debtor-in-Possession*<br>DONALD W. CLARKE, ESQ.<br>DANIEL M. STOLZ, ESQ. |
| In Re:<br><br>**ANUPAM DAVE**<br><br>Debtor. |

Chapter 11

Case No.: 17-34751-VFP
Honorable Vincent F. Papalia

### VERIFIED REPLY TO UNITY BANK'S OPPOSITION TO THE DEBTOR'S LIMITED OBJECTION TO THE UNITED STATES TRUSTEE'S <u>MOTION TO CONVERT OR DISMISS</u>

**TO:   THE HONORABLE VINCENT F. PAPALIA
       UNITED STATES BANKRUTCY JUDGE**

**ANUPAM DAVE,** the Chapter 11 Debtor and Debtor-in-Possession (hereinafter the "Debtor" or "Anupam"), by and through his counsel, Wasserman, Jurista & Stolz, P.C., respectfully submits this verified reply (the "Reply") to the opposition filed by Unity Bank (the "Opposition") to the Debtor's Limited Objection[1] to the U.S. Trustee Motion to Convert or Dismiss; in support of the Reply, the Debtor respectfully represents as follows:

1. By its Opposition, Unity Bank is continuing its attempt to "enforce its rights" against 1st Hospitality by leaning on one of its members personally.

2. Unity Bank asserts that it has filed civil suits against two (2) of the three (3) guarantors of its note with 1st Hospitality. Curiously, however, it has not moved in Nebraska to

---

[1] Capitalized terms, undefined herein, shall have attributed to them those meanings in the related pleadings.

foreclose on the underlying mortgage with the primary obligor of the loan, nor has it filed an adversary proceeding or moved for stay relief to file a civil suit against the Debtor.

3. Instead, Unity Bank relies solely on a *contingent* and *unliquidated* claim for a guarantee filed against the Debtor in this case as a means to hijack the Debtor's statutory right to secure his "fresh start."

4. The very fact that Unity Bank already has chosen to "enforce its rights" in the state court highlights the appropriate venue in which any remaining dispute between Unity Bank and the Debtor should be resolved. Moreover, Unity Bank already has created the vehicle to which it can easily join the Debtor after dismissal of the instant case.

5. In its relentless attempt to strong-arm a more favorable resolution on the underlying mortgage and loan with 1st Hospitality, Unity Bank has inserted itself in matters that do not directly involve the bank or have any negative affect against its *contingent* and *unliquidated* claim.

6. Unity Bank even objected to a settlement with the Shah Creditors that resulted in a reduction of the overall claim body. Unity Bank strenuously pressed its objection despite the fact that Unity Bank represents itself to be in the same creditor pool that clearly was poised to benefit from the settlement.

7. In its Opposition, Unity Bank represents that information in the June 2018 monthly operating report [Doc 56] is "contrary" to that in the Debtor's schedules. [Doc 19] Specifically, Unity Bank points out that there is an approximately $2,000,000.00 difference between the total assets listed in the schedules ($913,285.50), and that listed in the report ($3,153,704.00).

8. A second glance at the Debtor's schedules reveals one reason for the discrepancy. In

the Debtor's schedules, filed seven (7) months ago, the Debtor listed the value of his respective 50% interests in Alliance and 1st Hospitality as "unknown." In the seven (7) months since the Debtor filed the schedules (i) Alliance has emerged from bankruptcy reorganized and profitable, and (ii) 1st Hospitality has completed its renovations, effectively doubling its capacity.[2] Simply put, the Debtor placed a valuation on those interests in the report when there had not been such a valuation in the schedules.[3]

9.  It does appear, however, that the Debtor made a mistake in the reports by listing the valuation for the entities as a whole. The Debtor is in the process of amending the reports to reflect the valuation of his respective 50% interests.

10. Unfortunately, Unity Bank mischaracterizes the Debtor's "support" of his request for dismissal. Those mischaracterizations are principally contained in the following statement by Unity Bank:

> In support of the requested dismissal, the Debtor argues that it has used this bankruptcy case to settle and ensure payments to one purposefully selected unsecured creditor (Jayant Shah and Rupa Shah) while not making any specific payment arrangements for the other secured, priority and unsecured creditors of the Debtor's bankruptcy estate. The Debtor merely requests that the Court leave the remaining creditors with their state court remedies since it appears that the Debtor does not have disposable income to fund a Chapter 11 plan.

Opposition, paragraph 13. [Doc 59]

11. The Debtor does not dispute that he used the breathing spell afforded him by the Code to resolve the contentious litigation with the Shah Creditors. Nor does he dispute that the

---

[2] The renovations required 1st Hospitality to shut down half of the total number of available units. Once completed, 1st Hospitality began operating at full capacity.
[3] Now that Alliance has emerged from bankruptcy, and 1st Hospitality is operating at full capacity, the Debtor has been able to the industry standard for hotel valuation (generally, triple the revenue from the prior year).

Shah Creditors were the primary focus at the time he filed the petition. At the time of the Petition Date, 1st Hospitality was current on the loan to Unity Bank, and the Shah Creditors were possibly on the verge of securing a significant judgment *against the Debtor and the non-debtor affiliates.* However, none of that is even remotely relevant to the interests of Unity Bank or the Debtor's instant request.

12. Unity Bank's claim that the Debtor does not make any specific payment arrangements for "secured, priority and unsecured creditors" is misleading. In his Limited Objection, the Debtor includes a sub-heading titled, *"Remaining Debts and Proposed Resolution Outside Bankruptcy,"* in which he clearly details that a specific payment arrangement is already in place with the IRS. Moreover, the Debtor details why it is unnecessary to require the Debtor to obtain a specific payment arrangement with: (i) a secured creditor that is nonetheless required to recover its collateral in a state court foreclosure; and (ii) other unsecured creditors whose debts have been resolved, or are being paid, and can continue to be paid after dismissal.

13. Unity Bank seizes on a statement in the U.S. Trustee Motion to Convert or Dismiss to assert that it is the U.S. Trustee's position this case should be converted instead of dismissed. However, the U.S. Trustee's motion does not detail why, in this case, conversion is preferable. Notwithstanding, after the Debtor filed his Limited Objection, and after Unity Bank filed its Opposition thereto, ***the Debtor has secured confirmation that the U.S. Trustee "does not object to dismissal."***

14. Whether by conversion to a chapter 7 or appointment in this chapter 11, there has been no showing of "cause, including fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor" that could possibly justify ignoring the Debtor's business judgment

and stripping the Debtor of his autonomy to achieve the fresh start to which he is entitled. *See* 11 U.S.C. §1104(a).

15. Furthermore, it is common knowledge that selling a 50% interest in a closely held LLC is not an easy way to recognize value. Generally, investors are not interested in entering into a relationship with a 50% partner they do not know. It would likely be many months before any such sale materialized, if at all.

16. Unity Bank's ulterior motive of unnecessarily disrupting the Debtor's bankruptcy to gain leverage on its position against 1st Hospitality is laid bare by the simple fact that liquidating the Debtor's one-half interest in an LLC is hardly the most efficient or effective way by which Unity Bank can recover on its *over-secured* position against 1st Hospitality. *Foreclosing* on 1st Hospitality in Nebraska is the fastest way for Unity Bank to recovery its claim *in full*.

17. Unity Bank's assertion that a Trustee might uncover undisclosed assets (based principally upon the erroneous valuation of the whole LLC, as opposed to the Debtor's 50% interest, in the Debtor's report) is misplaced and unsupported.

18. Unity Bank it distraught that it will be left to its non-bankruptcy rights and will be unable to use the Debtor's bankruptcy as a vehicle to apply – what it perceives as – leverage. However, the sole fact that Unity Bank (*and no other creditor*) prefers to improperly exploit the bankruptcy process is not a reason to force the Debtor to remain in bankruptcy, and is not what the courts or Code consider the "best interests of creditors."

19. The Code and case law are clear, voluntary dismissal should be granted unless some "plain legal prejudice" to creditors will otherwise result,[4] or if is in the "best interest of creditors and the estate."[5]

20. Unity Bank is hard-pressed to show how or why they might suffer "plain legal prejudice" when they are left unconstrained to their non-bankruptcy rights.

21. Moreover, Unity Bank's desire to assert undue leverage is not a factor for this court to consider when making a determination as to the "best interest of creditors and the estate," especially when that "estate" also includes the interests of equity and other creditors.

**WHEREFORE,** the Debtor requests that this Court enter an Order dismissing the instant case pursuant to 11 U.S.C. §1112(b); and grant such other and further relief as this Court may deem just and proper.

**WASSERMAN, JURISTA & STOLZ, PC**
*Counsel to Debtor-in-Possession*

Date:  August 3, 2018

By: _/s/Donald W. Clarke_
    DONALD W. CLARKE

## VERIFICATION

I, **ANUPAM DAVE**, hereby certify and verify under penalty of perjury that:

I am the Debtor in Possession in the above captioned matter (the "Debtor"), and I am fully familiar with the facts set forth herein. I have read the factual allegations contained in the within Verified Reply and affirm such allegations are true and accurate to the best of my knowledge, information and belief.

---

[4] *See* e.g. *Leach v. IRS (In re Leach)*, 130 B.R. 855, 857 (9th Cir. BAP 1991) (discussing voluntary dismissal in the Chapter 7 context); *In re Kimble*, 96 B.R. 305 (Bankr. D. Mont. 1988); *In re Geller*, 74 B.R. 685 (Bankr. E.D.Pa. 1987) (holding that Debtor's request to voluntarily dismiss Chapter 11 case should be governed by same considerations as govern request to voluntarily dismiss case under Chapter 7).
[5] *See* e.g. *In re Camden Ordinance Mfg. Co. of Arkansas, Inc.*, 245 B.R. 794, 804 (E.D. Pa. 2000).

      I am aware that if any of the allegations contained in the foregoing Verified Reply are willfully false, that I am subject to punishment.

Date:   August 3, 2018

*/s/Anupam Dave*
_____.
ANUPAM DAVE